1  **MAYALL HURLEY**
**A Professional Corporation**
2  **2453 Grand Canal Boulevard**
**Stockton, California 95207**
3  **Telephone (209) 477-3833**
**Facsimile (209) 473-4818**
4  **MARK S. ADAMS (SBN: 78706)**
**JOHN P. BRISCOE (SBN: 273690)**
5
6  **Attorneys for Plaintiff, NICK AGNASON**

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| NICK AGNASON, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR** |
| vs. | 1. **DISABILITY DISCRIMINATION (FEHA)** |
| THE COUNTY OF ALPINE, a governmental entity; and DOES 1-100, inclusive, | 2. **RETALIATION (FEHA)** |
| | 3. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION (FEHA)** |
| Defendants. | 4. **RETALIATION (TITLE VII)** |
| | 5. **FAILURE TO ACCOMMODATE (FEHA)** |
| | 6. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS (FEHA)** |
| | **JURY TRIAL DEMANDED** |

Plaintiff Nick Agnason ("Agnason") brings this action against brings this action against The County of Alpine ("Alpine County") and Does 1-100, inclusive, for general, compensatory, and statutory damages, injunctive relief, costs, and attorneys' fees resulting from the Defendants' unlawful and tortious conduct, and as is hereinafter alleged.  This Court has subject matter jurisdiction pursuant to 28 USC § 1331 because the Fourth Cause of Action arises under the laws of the United States, and because this Court may exercise supplemental jurisdiction over the remainder of the case pursuant to 28 USC § 1367.

___

## PARTIES

1. Agnason is an individual and is, and at all times relevant herein was employed by Alpine County in Markleeville, California, and was an "employee" as defined by Gov. Code § 12926 and 42 USC § 2000e-2(f).

2. Alpine County is a governmental entity and an "employer" as defined by Gov. Code §§ 12926(d), 12940(a), and 12940(j)(4)(A), as well as 42 USC § 2000e-2(f).

3. Alpine County and Does 1-100 are collectively referred to as "Defendants."

4. Agnason is not aware of the true names and capacities of the defendants sued herein as Does 1-100, whether individual, corporate, associate, or otherwise, and therefore sues such defendants by these fictitious names. Agnason will amend this complaint to allege their true names and capacities when ascertained. Agnason is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Agnason's injuries and damages herein alleged were legally caused by such defendants. Unless otherwise indicated, each defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-defendant.

5. Agnason is informed and believes and thereupon alleges that at all times mentioned herein, each defendant, including each Doe defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the other defendants, including each Doe defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or concert of action. Each defendant, in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining defendants.

## VENUE AND JURY TRIAL DEMAND

6. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District. Agnason hereby demands a jury trial.

///

**GENERAL ALLEGATIONS**

7. In 1999, Agnason began working for Alpine County, as a drug and alcohol counselor, through a third-party contractor called Enki Health and Research Services.

8. On or around November 16, 2011, Agnason began employment on a contractual basis with Alpine County as a Mental Health Services Drug and Alcohol Recovery Counselor. Agnason performed his duties well and received a raise in 2012.

9. In or around November 2013, Alissa Nourse ("Nourse") was hired by Alpine County to serve as Director of Behavioral Health Services. Nourse became Agnason's supervisor.

10. Up until Nourse's hiring, Agnason had previously enjoyed the right to work partly from home as an accommodation for a disability—namely, a chronic back condition that had plagued Agnason since 1978 and entailed no less than eight surgeries. Agnason's back condition, on occasion, was so severe that Agnason was unable to stand or sit for prolonged periods of time or to make the approximate twenty mile drive to work. This disability was known to Agnason's superiors at Alpine County, including Sarah Simis ("Simis"), Human Resources Specialist.

11. Shortly after Nourse's hiring, she informed Agnason that he would no longer be allowed to work from home at all. Agnason responded that he had a disability—a back condition— and that he had, until that point, been permitted by Alpine County to work partly from home as an accommodation. Nourse did not respond other than to say Agnason could do nothing from home, period.

12. During a meeting on or around December 23, 2013, Agnason complained to Nourse that he felt he was being harassed by her and that his work environment had become a hostile one. In relevant part, Agnason repeated his complaint that Nourse had denied him accommodation for his disability which he previously enjoyed. Nourse ended the conversation, stating she no longer wished to speak with Agnason.

13. On December 26, 2013, worried that Nourse was setting him up for termination, Agnason complained via e-mail to Simis about harassment and a hostile workplace. Specifically, Agnason complained that Nourse was trying to "get rid" of him due to his gender, age, and/or

disability. Four days later, on December 30, 2013, Simis responded to Agnason that she would discuss his complaint with counsel on January 2, 2014.

14. Agnason never heard back from Simis, and nobody ever contacted him to discuss his allegations of harassment and discrimination. On January 17, 2014, Agnason was informed, via letter from Nourse, that Alpine County would not renew his employment contract as of January 21, 2014.

15. Agnason filed all appropriate charges against Alpine County with the Department of Fair Employment and Housing ("DFEH") on April 16, 2014, and was issued a right-to-sue notice that same day.

16. Agnason filed all appropriate charges against Alpine County with the Equal Employment Opportunity Commission on April 16, 2014, and received a right-to-sue notice on May 6, 2014.

17. The list of misconduct by Defendants set forth above is a partial list only, and by way of example.

18. As a direct and proximate result of Defendants' conduct, Agnason has been harmed and requests relief as hereafter provided.

**FIRST CAUSE OF ACTION**
**VIOLATION OF GOV. CODE § 12940(a)**
**(Disability Discrimination)**
**Against Alpine County and Does 1-100**

19. Agnason hereby realleges and incorporates by reference Paragraphs 1 through 18 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

20. The Fair Employment and Housing Act ("FEHA") explicitly prohibits an employer from refusing to hire or employ a person, discharging a person from employment, or discriminating against such person in compensation or in terms, conditions or privileges of employment on the basis of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age or sexual orientation. Gov. Code § 12940(a).

21. At all times herein mentioned, Agnason was qualified for his position at Alpine County.

22. Alpine County was at all times material herein Agnason's employer pursuant to Gov. Code § 12926(d) and was therefore barred from discriminating against its employees based on disability and/or perceived disability.

23. Nevertheless, as set forth above, Defendants discriminated against Agnason based on disability, perceived disability, and/or future perceived disability, in violation of Gov. Code § 12940(a).

24. As a direct and proximate result of Defendants' conduct, Agnason has been harmed and requests relief as hereafter provided.

## SECOND CAUSE OF ACTION
## VIOLATION OF GOV. CODE SECTION 12940(h)
### (Retaliation)
### Against Alpine County and Does 1 – 100

25. Agnason hereby realleges and incorporates by reference Paragraphs 1 through 24 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

26. The FEHA explicitly prohibits any employer or any other person from discharging, expelling or discriminating against any person because the person has opposed any practices forbidden by the FEHA or because the person has filed a complaint, testified or assisted in any proceeding under the FEHA. Gov. Code § 12940(h).

27. Alpine County was at all times material herein Agnason's employer pursuant to Gov. Code § 12926(d) and was therefore barred from retaliating against its employees pursuant to Gov. Code § 12940(h).

28. Nevertheless, as set forth above, Defendants retaliated against Agnason in violation of Gov. Code § 12940(h).

29. As a direct and proximate result of Defendants' conduct, Agnason has been harmed and requests relief as hereafter provided.

/ / /

**THIRD CAUSE OF ACTION**
**VIOLATION OF GOV. CODE § 12940(k)**
**(Failure to Prevent Discrimination and Retaliation)**
**Against Alpine County and Does 1 – 100**

30. Agnason hereby realleges and incorporates by reference Paragraphs 1 through 29 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

31. The FEHA requires an employer to "take all reasonable steps necessary to prevent discrimination and harassment from occurring." Gov. Code § 12940(k).

32. Alpine County was at all times material herein Agnason's employer pursuant to Gov. Code § 12926(d) and was therefore required to prevent discrimination as set forth in Gov. Code § 12940(k).

33. Alpine County knew or should have known of the discrimination and retaliation by its employees, supervisors, managers and Does 1-100, inclusive.

34. Nevertheless, as set forth above, Defendants did nothing to rectify or prevent said retaliation. Instead, Defendants consented to, encouraged, permitted and/or acquiesced to the discrimination and retaliation.

35. As a direct and proximate result of Defendants' conduct, Agnason has been harmed and requests relief as hereafter provided.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF 42 USC § 2000e-3(a)**
**(Retaliation for Opposing Unlawful Conduct – Title VII)**
**Against Alpine County and Does 1-00**

36. Agnason hereby realleges and incorporates by reference Paragraphs 1 through 35 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

37. Title VII prohibits retaliation against employees who oppose conduct made unlawful by Title VII, including harassment. 42 USC § 2000e-3(a).

38. Alpine County was at all times material herein Agnason's employer pursuant to 42 USC § 2000e and was therefore barred from retaliating against its employees for opposing

unlawful harassment. Nonetheless, as set forth above, it retaliated against and terminated Agnason because he complained of what he reasonably and in good faith perceived to be unlawful harassment.

39. As a direct and proximate result of Defendants' conduct, Sarver has suffered damages and requests relief as hereafter provided.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF GOV. CODE § 12940(m)**
**(Failure to Accommodate)**
**Against Alpine County and Does 1-100**

40. Agnason hereby realleges and incorporates by reference Paragraphs 1 through 39 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

41. The FEHA requires an employer to "make reasonable accommodation for the known physical or mental disability of an applicant or employee." Gov. Code § 12940(m).

42. Alpine County at all times material herein was Agnason's employer pursuant to Gov. Code § 12926(d), knew of his disability, and was required to reasonably accommodate him pursuant to Gov. Code § 12940(m).

43. Nevertheless, as set forth above, Defendants failed to reasonably accommodate Agnason.

44. As a direct and proximate result of Defendants' conduct, Agnason has been harmed and requests relief as hereafter provided

**SIXTH CAUSE OF ACTION**
**VIOLATION OF GOV. CODE § 12940(m)**
**(Failure to Engage in the Interactive Process)**
**Against Alpine County and Does 1-100**

45. Agnason hereby realleges and incorporates by reference Paragraphs 1 through 44 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

46. The FEHA requires an employer "to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any,

Complaint for Damages
Page 7 of 9

in response to a request for reasonable accommodation by an employee or applicant with a known physical disability or known medical condition." Gov. Code § 12940(n).

47. Alpine County at all times material hereto was Agnason's employer pursuant to Gov. Code §§ 12926(d) and 12940(j)(4), and had knowledge of his disability and was required to engage in the interactive process pursuant to Gov. Code § 12940(n).

48. Nevertheless, as set forth above, Defendants failed to engage in a timely, good faith interactive process with Agnason.

49. As a direct and proximate result of Defendants' conduct, Agnason has been harmed and requests relief as hereafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Agnason prays judgment against Defendants as follows:

**As to the First, Second, Third, Fifth, and Sixth Causes of Action:**

1. Economic (special) and non-economic (general) damages in an amount yet unknown, but in excess of the minimum jurisdictional limit of this Court;
2. For injunctive relief prohibiting Defendants from engaging in the unlawful practices complained of herein and for an order requiring Defendants to conduct training for all employees, supervisors, and management on the requirements of the FEHA, the rights and remedies of those who allege a violation of the FEHA, and Defendants' internal grievance procedures pursuant to Gov. Code § 12965(c);
3. For statutory attorneys' fees and costs, including those available under Gov. Code § 12965(b) and Code of Civil Procedure § 1021.5;
4. For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including that available under Civil Code §§ 3287(a) and 3289(b); and
5. For such other and further relief as the Court deems just and proper.

**As to the Fourth Cause of Action:**

1. Economic (special) and non-economic (general) damages in an amount yet unknown, but in excess of the minimum jurisdictional limit of this Court;

2. For injunctive relief, including that available under 42 USC § 2000e-5(g);

3. For statutory attorneys' fees and costs, including those available under 42 USC § 2000e-5(k);

4. For prejudgment and post-judgment interest;

5. For such other and further relief as the Court deems just and proper.

**DATED:** July 25, 2014               **MAYALL HURLEY P.C.**

By   /s/ Mark S. Adams
      MARK S. ADAMS
      JOHN P. BRISCOE
      Attorneys for Plaintiff
      NICK AGNASON

___

Complaint for Damages
Page 9 of 9